IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANGELA WILLIAMS, d/b/a ROLLERWORLD;
and CLIFFORD RANCIFER, d/b/a ROLLERWORLD          PLAINTIFFS

v.                                    CIVIL ACTION NO. 4:11-CV-00135-GHD-JMV

ASPEN INSURANCE UK LIMITED                         DEFENDANT

## MEMORANDUM OPINION DENYING MOTION TO DISMISS

Presently before the Court is Aspen Specialty Insurance Company's motion to dismiss [4] brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After due consideration, the Court finds the motion is not well taken and should be denied.

On November 30, 2011, Plaintiffs Angela Williams and Clifford Rancifer, both doing business as Rollerworld ("Plaintiffs"), initiated this suit against Defendant Aspen Insurance UK Limited ("Defendant") for breach of contract and punitive damages. Plaintiffs allege they had an insurance policy with Defendant covering all direct loss or fire damage to the property of Rollerworld, a roller-skating rink in Greenville, Mississippi, for the period of April 1, 2010 to April 1, 2011 in consideration of a premium of $3,429.00. Plaintiffs further allege that on April 23, 2010, the subject property, consisting of building and contents, was completely destroyed by fire. Plaintiffs aver that they reported the loss to Defendant immediately on April 23, 2010, and that a proof of loss was filed on July 8, 2010, but Plaintiffs have not to date received insurance proceeds for the loss. Plaintiffs allege that the itemized personal property loss was $222,832.00 and the subject property was insured under the policy against a fire for $158,000.00. Plaintiffs further allege that prior to the time of the fire, the replacement cost of the personal property was $221,622.00.

1

Plaintiffs maintain that the fire did not occur from any cause excepted in the policy, and that Plaintiffs are entitled to a judgment for the policy proceeds of $1,130,000.00.

In lieu of answering the complaint, Aspen Specialty Insurance Company ("Aspen Specialty"), which claims to be the proper defendant in this case, filed a motion to dismiss [4] the complaint for failure to state a claim upon which relief could be granted. Plaintiff has filed a response to the motion to dismiss, and Aspen Specialty has filed a reply. The matter is now ripe for review.

### A. Legal Standards

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In reviewing a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Because in considering the motion to dismiss the Court has

reviewed the parties' attached matters outside the pleadings which the Court shall not exclude, the motion shall be considered a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

*B. Discussion*

3

Aspen Specialty argues that Plaintiffs' claims must be dismissed for failure to state a claim, because Plaintiffs' complaint suffers from errors and omissions. First, Aspen Specialty maintains that Plaintiffs are not proper party plaintiffs to maintain this action, because Plaintiffs fail to allege that they were parties to the insurance contract which would entitle them to possible recovery under the subject insurance policy, and that they were the named insured under the subject insurance policy. Thus, Aspen Specialty contends that Plaintiffs were not parties to the insurance contract and have no standing to seek coverage under the subject policy. Aspen Specialty contends that the subject policy was issued to North American Skating Rink Association. Second, Aspen Specialty argues that all the necessary parties to the action are not before the Court, because Plaintiffs have not included the named insured under the insurance policy, North American Skating Rink Association, as a plaintiff to this action. Aspen Specialty further argues that Plaintiffs fail to allege that they were parties to the subject policy or reveal their connection to the subject policy. Third, Aspen Specialty argues that Aspen Insurance UK Limited was not a party to the insurance policy and should not be a party to this litigation, because the subject insurance policy was issued by Aspen Specialty. Aspen Specialty attaches what it contends is the actual subject policy. That policy was in force from April 1, 2010 to April 1, 2011, which included the date on which the fire allegedly occurred. The policy was issued by Aspen Specialty and named "North American Skating Rink Association" as the insured on the declarations page.

Plaintiffs respond that Aspen Specialty's arguments are erroneous, as the complaint refers to a completely different policy. Plaintiffs argue that the subject insurance policy was issued by Aspen Insurance UK Limited, not Aspen Specialty; the insurance policy was issued to Rollerworld; Plaintiffs own the assets of Rollerworld, which was administratively dissolved in 2007; and the

subject insurance policy was paid for by Plaintiffs and in full force and effect at the time of the fire. For these reasons, Plaintiffs argue that their complaint states an action upon which relief can be granted, and should not be dismissed. Plaintiffs further maintain that the motion to dismiss should be dismissed, because Aspen Specialty is not a party to the lawsuit and thus cannot interfere with the objects and purpose of a civil suit between original parties. Plaintiffs attach several documents to their response, one of which is what they contend is the subject policy. That policy was issued by Aspen Insurance UK Limited, on paper also marked "Aspen Specialty." "Rollerworld" is the named insured on the declarations page. The total insured value listed on the policy is $1,130,000.00. The policy was issued on May 25, 2010, but was in force from April 1, 2010 to April 1, 2011, which included the date on which the fire allegedly occurred. The policy includes a cover page tending to show the policy was mailed to Plaintiff "Angela Williams, Rollerworld, 843 Adams Drive, Greenville, MS 38704."

Aspen Specialty argues in reply that regardless of which policy is the subject policy, Plaintiffs are not proper parties to maintain the action, because Plaintiffs were not named insureds under either policy. Aspen Specialty asserts that Rollerworld was the named insured under the policy Plaintiffs claim is the subject policy, and further assert that Rollerworld is not a plaintiff to this litigation. Aspen Specialty argues that it is the correct insurer, and as such, is not precluded from being a de facto intervenor in the case.

The Court notes that the following facts are clear: Aspen is a global insurance company with branch locations in the United States. The company offers products on a non-admitted basis through surplus line brokers Aspen Specialty and Aspen Insurance UK Limited. Plaintiffs appear to own the assets of Rollerworld. Otherwise, the Court is confronted with genuine factual disputes

concerning which commercial property insurance policy is the subject policy, as well as genuine factual disputes concerning the identification of the proper insured and insurer, and accordingly, whether privity of contract exists between the parties. Genuine disputes of material fact obviously preclude dismissal. Discovery is needed to shed light on these issues.

### C. Conclusion

For these reasons, Aspen Specialty's motion to dismiss [4] is DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 30th day of August, 2012.

_____
SENIOR JUDGE