**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANGELA WILLIAMS and CLIFFORD
RANCIFER, d/b/a ROLLERWORLD**                                    **PLAINTIFFS**

**VS.**                                                  **CAUSE NO. 4:11-CV-135-GHD-JMV**

**ASPEN INSURANCE UK LIMITED**                                         **DEFENDANT**

## ORDER

This matter is before the Court on the Motion of the Plaintiffs, Angela Williams and Clifford Rancifer, d/b/a Rollerworld, for an order compelling Defendant Aspen to provide adequate compliance with Rule 26(a)(1) initial disclosures (#34). The court has examined the Plaintiffs' motion and the initial disclosures at issue. The court has also considered Aspen's response and objections. Based on the record, the court finds that the disclosures provided by Defendant Aspen are sufficient under the rules, and that Plaintiffs' motion is without merit.

Rule 26(a)(1)(ii), in connection with the initial disclosure of documents, states that the disclosing party is to provide:

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

It appears to the Court that Aspen has provided a description by category and location of all documents as required by the rule. Rule 26(a) is considered a "starting point" for the discovery process; it does not take the place of the discovery process. *United States v. Merck-Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D.Pa. 2004). FED.R.CIV.P. 26(a)

advisory committee note (1993) specifically states that the initial disclosure of documents "is included as a substitute for the inquiries routinely made about the existence and location of documents and other tangible things in the possession, custody, or control of the disclosing party...[A]n itemized listing of each exhibit is not required …".

Aspen listed seven categories of documents and two specific documents in compliance with the Rule, thereby alerting counsel for Plaintiffs of the documents Aspen deems relevant to its defenses. Furthermore, Aspen agreed to produce its claim file and underwriting file, as well as the files of Aspen's consultants involved in the investigation and analysis of the insurance claim. Aspen produced the discoverable portions of its claim file and underwriting file to Plaintiffs' counsel on November 21, 2012. Aspen also advised Plaintiffs' counsel that it would produce the discoverable portions of the files of its forensic accountant, independent adjuster, building damage consultant, and fire cause and origin engineering consultant during the week of December 10.

Based on the foregoing facts and consideration of Rule 26(a)(1)(ii) as a starting point of the discovery process, the court does not find the motion to be well taken or necessary.

IT IS, THEREFORE, ORDERED that the motion to compel is DENIED.

SO ORDERED, this the 13th day of December, 2012.

                                                Jane M. Virden
                                                MAGISTRATE JUDGE